UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

| | |
|---|---|
| James S. Rahaim and<br>Nicole U. Wilski,<br><br>          Debtors.<br>_____/ | Case No. 21-49345-MLO<br>Chapter 7<br>Hon. Maria L. Oxholm |

## TRUSTEE'S MOTION FOR ORDER APPROVING COMPROMISE

### Jurisdiction

1. Chapter 7 Trustee Mark H. Shapiro ("Trustee") files this motion under 11 U.S.C. § 541, Fed. R. Bankr. P. 9014, and L.B.R. 9014-1 (E.D. Mich.).

2. The Court has jurisdiction over the Chapter 7 bankruptcy case. *See* 28 U.S.C. § 1334.

3. The case and all related proceedings and contested matters have been referred to this bankruptcy court for determination. *See* 28 U.S.C. § 157(a); Local Rule 83.50 (E.D. Mich.).

4. This is a core proceeding over which this Court has authority to enter a final order. *See* 28 U.S.C. 28 U.S.C. § 157(b)(2)(A) (matters concerning administration of the estate) and § 157(b)(2)(O) (other proceedings affecting the liquidation of assets of the estate).

## Background

5. James S. Rahaim and Nicole U. Wilski (together "Debtors") filed their bankruptcy case as a Chapter 11 on December 1, 2021. The case was converted to a Chapter 7 on March 31, 2022. (Docket #107.)

6. When the bankruptcy case was filed, the Debtors lived at 1010 Lake Shore Road in Grosse Pointe Shores, Michigan (the "Lake Shore Property").

7. The Trustee's investigation revealed that the Debtors transferred the Lake Shore Property as well as household goods and furnishings, firearms, clothing, and accessories to a third party, Perillo Family, LP ("Perillo"), within a year of the bankruptcy filing.

8. The Trustee commenced adversary proceeding 22-04306 ("Adversary") seeking, among other things, to avoid the transfer ("Transfer") of the Lake Shore Property and recover the Lake Shore Property or the value of the Lake Shore Property for the benefit of the estate.

9. On May 9, 2023, the Court entered an order approving a compromise of the Adversary, which included the following terms:

> ➢ The Trustee may list the Lake Shore Property for sale for a period of 24 months from entry of the order.
>
> ➢ The minimum sale price must be sufficient to pay the Perillo Secured Claim in full, which consists of: 1) two million seven hundred sixty-

four thousand six hundred eighty-four & 23/100 ($2,764,684.23) dollars; 2) the cost of home-owner's insurance, including prorated amounts, on the Lake Shore Property after April 3, 2023, and prior to closing; (3) the amount actually paid for real property taxes on the Lake Shore Property for 2021, 2022, and any amounts paid by or on behalf of Perillo after April 3, 2023, and prior to closing; and (4) interest accruing after April 3, 2023, calculated at the rate of 4.75% annually (calculated per diem from the date of payment) for any amounts paid for insurance or real property taxes by or on behalf of Perillo.

➢ In the event that the gross sales price for the Court-approved sale of the Lake Shore Property exceeds four million ($4,000,000.00) dollars, Perillo shall receive forty (40%) percent of the gross sale proceeds in excess of four million ($4,000,000.00) dollars.

(Docket #350, Order Resolving Claims).

10. The Trustee listed the Lake Shore Property for sale at $3.9 million with Max Broock Realtors on May 24, 2023. The listing agreement and all renewals expired on September 24, 2024.

11. Although numerous showings took place during the listing period, the listing did not produce an offer for enough to satisfy the minimum sale price that was required under the Order Resolving Claims.

12. In lieu of continuing to market the Lake Shore Property, the Trustee has agreed to accept, and Perillo has agreed to pay, $15,000 for the estate's interest in the Lake Shore Property.

3

## Basis for Compromise

13. Bankruptcy Rule 9019(a) provides, in pertinent part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Section 105(a) of the bankruptcy code provides, in pertinent part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

14. Compromises expedite the administration of the case, reduce administrative costs, and are favored in bankruptcy. *See Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968). Courts in the Sixth Circuit have noted that "[s]ettlements in bankruptcy cases are favored by law." *Buckeye Check Cashing, Inc. v. Meadows*, 396 B.R. 485, 499 (6th Cir. (BAP) 2008) (citing *In re Cormier*, 382 B.R. 377, 400–01 (Bankr. W.D. Mich. 2008)).

15. Generally, a bankruptcy settlement should be approved if the bankruptcy court, in its sound discretion, determines that the settlement is fair, reasonable, and adequate. *Drexel Burnham Lambert Inc. v. Flight Transp. Corp.*, 730 F.2d 1128, 1135 (8th Cir. 1984); *see also TMT Trailer Ferry*, 390 U.S. at 424. In short, the court is called upon "to determine if the settlement is in the best interest of the estate." *In re Trism, Inc.*, 282 B.R. 662, 668 (8th Cir. (BAP) 2002).

16. The Sixth Circuit Court of Appeals has held that "the bankruptcy court is charged with an affirmative obligation to apprise itself of the underlying facts and to make an independent judgment as to whether the compromise is fair and equitable." *Reynolds v. Comm'r*, 861 F.2d 469, 473 (6th Cir.1988).

17. The four factors that courts generally consider in evaluating whether a compromise is "fair and equitable" are:

> (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views.

*In re High Tech Packaging, Inc.*, 397 B.R. 369, 372 (Bankr. N.D. Ohio 2008) (citing *In re Fishell*, 47 F.3d 1168, 1995 WL 66622, at *3 (6th Cir.1995)) (unpublished table decision); *Bard v. Sicherman* (*In re Bard*), 49 Fed. Appx. 528, 530 (6th Cir.2002)).

18. The Trustee believes the proposed compromise is fair and equitable because, despite the significant efforts of Max Broock Realtors, the listing has not produced a buyer willing to offer a purchase price that would allow the Trustee to pay the Perillo Secured Claim in full.

## Relief Requested

The Trustee respectfully requests that this Court enter the proposed order approving the compromise and grant such further relief as this Court deems appropriate.

                                      Steinberg Shapiro & Clark

                                      /s/ Tracy M. Clark (P60262)
                                      Attorney for Trustee
                                      25925 Telegraph Rd., Suite 203
                                      Southfield, MI 48033
                                      (248) 352-4700
Date: September 30, 2024              clark@steinbergshapiro.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

James S. Rahaim and  
Nicole U. Wilski,

            Debtors.  
_____/

Case No. 21-49345-MLO  
Chapter 7  
Hon. Maria L. Oxholm

## ORDER APPROVING COMPROMISE

This matter has come before the Court on the Trustee's Motion for Order Approving Compromise ("Motion"; Docket #__). In the Motion, the Trustee seeks to compromise the bankruptcy estate's interest in real property at 1010 Lake Shore Road, Grosse Pointe, Michigan ("Lake Shore Property"). Notice of the Motion was served on creditors and interested parties, and no response was timely filed or served.

IT IS ORDERED as follows:

A.    The proposed compromise of the estate's interest in the Lake Shore Property for a lump sum payment of $15,000 ("Settlement Amount") is approved.

B.    Perillo Family, LP must pay the Settlement amount to "Mark H. Shapiro, Trustee" c/o Tracy M. Clark, Esq., Steinberg Shapiro & Clark, 25925 Telegraph Rd., Suite 203, Southfield, Michigan 48033 within 14 days after entry of this Order.

C. Upon payment of the Settlement Amount, any interest the bankruptcy estate has in the Lake Shore Property is extinguished.

D. The Court reserves jurisdiction to enforce the terms of the settlement and this Order.

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

In re:

| | |
|---|---|
| James S. Rahaim, xxx-xx-5173 | Case No. 21-49345-MLO |
| Nicole U. Wilski, xxx-xx-9156 | Chapter 7 |
| 1010 Lake Shore Road | Hon. Maria L. Oxholm |
| Grosse Pointe, MI 48236 | |
| Debtors. | |
| _____/ | |

## 21 DAY NOTICE OF TRUSTEE'S MOTION
## FOR ORDER APPROVING COMPROMISE

The Trustee filed a motion seeking to compromise the estate's interest in real property at 1010 Lake Shore Rd., Grosse Pointe, Michigan, for $15,000. The Trustee believes the compromise is in the best interest of the estate because the property has been listed for 16 months and no offers were made for an amount sufficient to net a benefit for the estate. A copy of the motion can be obtained from the Court or from Trustee's counsel whose contact information is below.

**Your rights may be affected**. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

If you do not want the Court to grant the Trustee's motion, or if you want the Court to consider your views on the motion, then within 21 days from the date of service of this notice, you or your attorney must:

File with the Court a written objection or request for hearing, explaining your position at:[1]

    U.S. Bankruptcy Court
    211 West Fort Street
    Detroit, MI 48226

---

[1] Objection or request for hearing must comply with Fed. R. Civ. P. 8(b), (c), and (e).

If you mail your objection or request for hearing to the Court for filing, you must mail it early enough so the Court will **receive** it before the 21-day period expires. All attorneys are required to file pleadings electronically.

You must also send a copy to:

    Tracy M. Clark, Esq.
    Steinberg Shapiro & Clark
    25925 Telegraph Rd., Suite 203
    Southfield, MI 48033

If an objection or request for hearing is timely filed, the clerk will schedule a hearing on the motion, and you will be served with a notice of the date, time, and location of the hearing.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

                                                Steinberg Shapiro & Clark

                                                /s/ Tracy M. Clark (P60262)
                                                Attorney for Trustee
                                                25925 Telegraph Rd., Suite 203
                                                Southfield, MI 48033
                                                (248) 352-4700
                                                clark@steinbergshapiro.com

Date: September 30, 2024

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

| | |
|---|---|
| James S. Rahaim and<br>Nicole U. Wilski, | Case No. 21-49345-MLO<br>Chapter 7<br>Hon. Maria L. Oxholm |
| Debtors.<br>_____/ | |

**CERTIFICATE OF SERVICE**

I certify that on September 30, 2024, I served copies as follows:

| | |
|---|---|
| Documents Served: | 21 Day Notice of Trustee's Motion for Order Approving Compromise |
| Served Upon: | James S. Rahaim<br>Nicole U. Wilski<br>1010 Lake Shore Drive<br>Grosse Pointe, MI 48236<br><br>All creditors with timely filed and allowed proofs of claim (*See* L.B.R. 2002-2) |
| Method of Service: | First Class Mail |

/s/ Christine T. Leach, Legal Assistant
Steinberg Shapiro & Clark
Attorneys for Trustee
25925 Telegraph Rd., Suite 203
Southfield, MI 48033
(248) 352-4700
cleach@steinbergshapiro.com